# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

  v.

**MATTHEW N. KRONK,**

      **Defendant.**

**Case No. 2:22-cr-124**
**Judge Sarah D. Morrison**

## OPINION AND ORDER

Pending before the Court is Defendant Matthew N. Kronk's Motion to Dismiss the Criminal Complaint. (Mot., ECF No. 3.) Defendant asks the Court to dismiss the case because more than 30 days elapsed between the date of his arrest and indictment. (*See id.*) The Government responded (Resp., ECF No. 4) and, at the Court's request, Defendant replied. (Reply, ECF No. 20.) Because the indictment was timely under the Speedy Trial Act, the Motion is **DENIED**.

## I.    BACKGROUND

On April 21, 2022, a criminal complaint was filed and an arrest warrant was issued against Defendant. (ECF Nos. 1, 2.) Defendant was arrested in the District of Maryland on May 3, 2022. (ECF No. 3-1, PageID# 10.) The following day, Defendant agreed to be detained pending transfer to the Southern District of Ohio and waived his preliminary and detention hearings in the District of Maryland. (ECF No. 3-2.) However, he requested that such hearings be conducted "in the [Southern District of Ohio], at a time set by the Court." (*Id.*) The Government represents that it made an

oral motion for Defendant's detention at the initial appearance in District of Maryland.[1] (ECF No. 4, Resp., PageID# 13.) That same day, Defendant was ordered remanded to the custody of the United States Marshals Service for transfer to this district. (*Id.*) He arrived on June 24, 2022, and has yet to receive a detention hearing in Ohio. Defendant was indicted on July 7, 2022, more than two months after his arrest. (ECF No. 11.)

II.     **ANALYSIS**

Defendant argues for dismissal because he was not timely indicted in violation of The Speedy Trial Act. The Government argues in response that the delay did not violate The Speedy Trial Act because the time was excludable.

The Speedy Trial Act of 1974 requires that a defendant be indicted within thirty days of the date of arrest. 18 U.S.C. § 3161. Otherwise, a defendant is entitled to dismissal with or without prejudice. Pursuant to § 3161(b), "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested . . . in connection with such charges." *Id.* The indictment is timely so long as there are no more than 30 countable days from the time of arrest. In computing the countable 30-day period, the day of the event that triggers the period is excluded. Fed. R. Crim. P. 45(a)(1)(A). Every other day is counted unless an exclusion outlined in § 3161(h)(1) applies. *Id.*

---

[1] Notably, the Court was made aware of the Government's oral motion for the first time in its brief in opposition. However, Defendant's reply brief acknowledges that the motion was made and that it is still pending. (ECF No. 20.)

Two exclusions apply here. First, subsection (E) excludes "delay resulting from any proceeding relating to the transfer of a case or the removal of any defendant from another district." *Id.* Second, subsection (D) excludes "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." *Id.* Other circuits have applied this subsection to exclude time between a motion for detention and a detention hearing. *See United States v. Parker*, 508 F.3d 434, 439 (7th Cir. 2007); *United States v. Moses*, 15 F.3d 774, 777 (8th Cir. 1994); *United States v. Wright*, 990 F.2d 147, 149 (4th Cir. 1993).

Here, Defendant's day of arrest—May 3, 2022—is the triggering event, so it is not countable. The following day when the District of Maryland handled Defendant's transfer to the Southern District was a "proceeding relating to the transfer of a case." As such, it is also not countable. Next, the Government made a motion for detention on May 4, 2022—which is still pending. Since there has been no hearing on that motion, the excludable period extends beyond Defendant's indictment on July 7, 2022. There were no countable days between Defendant's arrest and indictment, so the indictment was timely under The Speedy Trial Act.

Defendant asks for a different result. He argues that a detention hearing on Government's oral motion would be untimely and, therefore, cannot properly toll the 30-day period. That is not the case.

To be sure, Defendant is entitled to a timely detention hearing. However, this is simply not relevant to the computation of delays under the Speedy Trial Act. The

3

U.S. Supreme Court has held that any delay resulting from a motion that requires a hearing is "automatically excluded" from the 30-day calculation "whether that hearing was prompt or not." *Henderson v. United States*, 476 U.S. 321, 326 (1986). As such, dismissal of the complaint is not appropriate.

### III.    CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss the Criminal Complaint (ECF No. 3) is **DENIED**.

**IT IS SO ORDERED**.

s/Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**