UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

MATTHEW N. KRONK,

    Defendant.

:
:
:

Case No. 2:22-cr-124
Chief Judge Sarah D. Morrison

## OPINION AND ORDER

This matter is before the Court on Defendant Matthew Kronk's Motion for Modification of Sentence pursuant to 28 U.S.C. § 3582. (Mot., ECF No. 83.) The Government responded in opposition (Resp., ECF No. 88), and Mr. Kronk has replied (Reply, ECF No. 94). For the reasons below, Mr. Kronk's Motion is **DENIED**.

**I.   BACKGROUND**

On October 18, 2022, Mr. Kronk pleaded guilty to one count of possession with intent to distribute lysergic acid diethylamide (LSD) and one count of being a felon in possession of a firearm. (*See* ECF Nos. 34, 36.) This Court sentenced Mr. Kronk to 78 months of imprisonment. (ECF No. 52.) Mr. Kronk is currently housed at Federal Correctional Institution ("FCI") Gilmer, with an expected release date is November 16, 2027. (Resp., PAGEID # 515.)

Mr. Kronk requested immediate release from the FCI Gilmer Warden, who denied the request. (Mot., PAGEID # 459–60, 463.) He then filed the instant motion

asking the Court to grant his immediate release, citing 18 U.S.C. § 3582(c)(1)(A). (*See id.*) Motions made under this statute are commonly referred to as motions for compassionate release. Mr. Kronk argues that compassionate release is warranted for three reasons: his minor child is acting out; pandemic-related prison conditions have added punitive effects to his sentence; and he has successfully completed some rehabilitative programming. (*See id.*, Reply.)

II.  **STANDARD OF REVIEW**

A court "may not modify a term of imprisonment once it has been imposed," except in very limited circumstances. 18 U.S.C. § 3582(c). One such limited circumstance may arise when the court (i) finds "extraordinary and compelling reasons" to warrant a reduction in the sentence, (ii) ensures the reduction is "consistent" with applicable Sentencing Commission policy statements in U.S.S.G. § 1B1.13, and (iii) considers the relevant factors in 18 U.S.C. § 3553(a). *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(C)(1)(A)(i)). When considering an inmate-filed motion for sentence reduction, as here, step two may be skipped. *Id.* at 1111. Thus, "in practice, a district court need only consider whether extraordinary and compelling reasons exist and whether the § 3553(a) factors support a sentence reduction." *United States v. McCall,* 56 F.4th 1048, 1054 (6th Cir. 2022).

2

III.    ANALYSIS

    A.    **No extraordinary and compelling reason exists to reduce Mr. Kronk's sentence.**

The first question before the Court is whether there are extraordinary and compelling reasons for a reduction of Mr. Kronk's sentence. The Court has "full discretion" to determine whether the movant's stated reasons satisfy that standard. *Jones*, 980 F.3d at 1111; *United States v. Hunter*, 12 F.4th 555, 562 (6th Cir. 2021). It does so by looking to the ordinary meaning of the words and to the policy statement § 1B1.13, where the Sentencing Commission offers guidance on what may warrant a sentence reduction. *United States v. Elias*, 984 F.3d 516, 519–20 (6th Cir. 2021); *see also United States v. Pope,* No. 3:19-CR-137 (2), 2024 WL 3688340, at *2 (S.D. Ohio Aug. 7, 2024) (Rice, J.).

<u>*Family Circumstances.*</u> Mr. Kronk first argues that his family circumstances warrant a sentence reduction—namely, that his minor child needs his care. The "death or incapacitation of the caregiver of the defendant's minor child" constitutes an extraordinary and compelling reason. U.S.S.G. § 1B1.13(b)(3)(A). When relying on caregiver-incapacitation as the basis for a sentence reduction, the movant must show that (i) the child's caregiver is incapacitated and (ii) the defendant is the only available caregiver. *See United States v. Sims,* No. 1:23-cr-633, 2025 WL 639408, at *1 (N.D. Ohio Feb. 27, 2025); *cf. United States v. Steele,* No. 1:20-cr-13-4, 2024 WL 1928945, at *3 (S.D. Ohio May 1, 2024) (Cole, J.) (applying the same test to incapacitation of a parent, under § 1B1.13(b)(3)(C)). This Court has denied motions for sentence reduction when the movant fails to demonstrate that he is the only

3

available caregiver for the child. *See, e.g., United States v. Garr*, No. 1:21-cr-73, 2025 WL1474656, at *3 (S.D. Ohio May 22, 2025) (Dlott, J.); *United States v. Turns*, No. 2:99-cr-104-1, 2020 WL 2519710, at *3 (S.D. Ohio May 18, 2020) (Graham, J.). A defendant's simple desire to provide support for their child is not enough. *See United States v. Caldwell*, No. 2:18-cr-248, 2022 WL 3151892, at *3 (S.D. Ohio Aug. 8, 2022) (Sargus, J.) (citing, *inter alia*, *United States v. Kibby,* No. 2:19-cr-179, 2021 WL 2009568, at *3 (S.D. Ohio May 20, 2021) (Graham, J.)).

Mr. Kronk fails to establish that his family circumstances warrant a sentence reduction. First, he has not shown that his child's caregiver, M.Y., is incapacitated. Although he provides email exchanges to support the allegations that M.Y. is an alcoholic and an addict, those exchanges are unsworn and unauthenticated. Even taking the emails at face value, they do not show that M.Y. is incapacitated within the meaning of § 1B1.13. (Mot., PAGEID # 421); *see United States v. Collins,* No.15-10188, 2020 WL 136859, at *4 (D. Kan. Jan. 13, 2020) (defining incapacitation as an injury or illness that leaves them completely disabled and totally confined to a bed or chair).

Further, Mr. Kronk has not established that he is the only available caregiver. Again taking them at face-value, the email exchanges reflect that both M.Y. and Mr. Kronk's aunt have taken on caregiving responsibilities for the child. (ECF No. 86, PAGEID # 478–79.)

Mr. Kronk does not meet the high standard for a sentence reduction based on family circumstances. *Cf. Caldwell*, 2022 WL 3151892, at *3 ("[T]he placement of

4

[Defendant's] child into foster care—as upsetting as it may be—arguably does not, by itself, constitute an 'extraordinary' reason to grant him early release.")

*Pandemic-Related Prison Conditions.* Mr. Kronk next argues that, being incarcerated during the COVID-19 pandemic, he endured unexpected and "extreme[ly] harsh conditions that increase[d] his sentence's punitive effects." (Mot., PAGEID # 418.) When assessing prison conditions, "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021). Further, when the Bureau of Prisons imposes restrictive protocol to combat COVID-19, such protocol is not an extraordinary and compelling reason for release as it affects all federal prisoners and not just the movant. *United States v. Pittman*, No. 23-1035, 2023 WL 9231493, at *2 (6th Cir. Dec. 4, 2023) (citing *McCall*, 56 F.4th at 1055).

Mr. Kronk asserts that he and other inmates at FCI Gilmer contracted COVID-19 and received no medical aid, and were denied access to mail, books, phones, and other communications. (Mot., PAGE ID # 418.) However, the Bureau of Prisons reports that approximately 95% of inmates at FCI Gilmer have been fully vaccinated. *Inmate COVID-19 Data,* FEDERAL BUREAU OF PRISONS, https://www.bop.gov/about/statistics/statistics_ inmate_ covid19.jsp (last visited Jun. 11, 2025). Not only did Mr. Kronk have access to the vaccine, but, as he admits, any restrictive protocols implemented by FCI Gilmer affected all of the

5

institution's inmates. Thus, Mr. Kronk fails to show that pandemic-related prison conditions are grounds to reduce his sentence.

*Rehabilitative Efforts.* Finally, Mr. Kronk argues that his rehabilitative efforts and participation in programming justify compassionate release. He offers certificates of completion for classes ranging from public speaking, creative writing, life skills, and more. (Mot., PAGEID # 437–57.) He also represents that his recidivism level has been reduced by 20 points since the start of his incarceration. (*Id.*, PAGEID # 461.) While the Court recognizes Mr. Kronk's laudable efforts and encourages him to continue this work, rehabilitation is insufficient by itself to warrant compassionate release. *See* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.").

### B. The § 3553(a) factors do not weigh in favor of Mr. Kronk's release.

The Court may deny an inmate-filed motion for compassionate release "when it finds *either* that no extraordinary and compelling reasons exist or that the § 3553(a) factors weigh against release." *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021) (emphasis added). Despite having concluded that Mr. Kronk's motion fails at step one, the Court will nevertheless evaluate Mr. Kronk's arguments on step three. To do so, the Court considers the § 3553(a) sentencing factors. These factors include the nature and circumstances of the offense; the history and characteristics of the defendant; and the need for the sentence imposed to reflect the seriousness of the offense, afford adequate deterrence, and protect the

6

public from further crimes of the defendant. *See* 18 U.S.C. § 3553(a)(1), (2). None weigh in Mr. Kronk's favor.

First, the nature and circumstances of Mr. Kronk's offense are serious. Mr. Kronk pleaded guilty to one count of possession with intent to distribute LSD and one count of a felon in possession of a firearm. (PSR, ECF No. 46, PAGEID # 191.) According to the Pre-Sentence Investigation Report ("PSR") prepared in this case, Mr. Kronk was found with more than $75,000 in drug proceeds, approximately 200 squares of LSD, bulk marijuana, drug ledgers, and various drug paraphernalia—and, most worrisome, multiple firearms.[1] (PSR, PAGEID # 197.) Thus, the nature and characteristics of Mr. Kronk's offense do not weigh in favor of a sentence reduction.

The Court looks next to Mr. Kronk's history and characteristics. His criminal history is extensive, dating to his youth. (PSR, PAGEID # 203–10.) His prior convictions include aggravated drug trafficking, possession of drugs, burglary, and improperly discharging a firearm at someone's house. (*Id*. at PAGEID # 207–08.) Mr. Kronk's extensive and substantial criminal history does not weigh in his favor.

Finally, the Court considers the need for the sentence to reflect the seriousness of the offense, to provide just punishment, and to promote respect for

---

[1] The Government also notes that the search warrant for Mr. Kronk's residence was predicated on an alleged sexual assault. (Resp.) Mr. Kronk was not charged with sexual misconduct in this case, and the Court sustained Mr. Kronk's objection to a sentencing enhancement based on that uncharged conduct. (ECF No. 53, PAGEID # 306.) The alleged sexual assault thus does not weigh heavily into the instant analysis.

7

the law. In this regard, the court may consider the amount of time served to determine whether a sentence modification is appropriate. *United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020). Mr. Kronk contends that the amount of time he has already served favors release. As Mr. Kronk notes, he has served roughly half of his 78-month carceral sentence. But the 78-month sentence imposed was substantially less than the 130–162-month range recommended under the Sentencing Guidelines. (*See* PSR, PAGE ID # 217.) Thus, Mr. Kronk does not show that his time served weighs in favor of his release. *See United States v. Scott,* No. 2:13-cr-223, 2020 WL 7021420, at *3 (S.D. Ohio Nov. 30, 2020) (Sargus, J.) (denying compassionate release in part because movant had served less than half of his sentence).

Thus, the § 3553(a) factors weigh against a reduction in Mr. Kronk's sentence.

## IV. CONCLUSION

For these reasons, Mr. Kronk's Motion for Reduction in Sentence (ECF No. 83) is **DENIED**.


    **IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE
UNITED STATES DISTRICT COURT**
